Good morning, and welcome to the Ninth Circuit. Before we get started this morning, Judge Sanchez and I would like to thank Judge Murphy for coming all the way over from Michigan to come help us with our busy docket. This is not his first time helping on our court, and we appreciate that he's here today and tomorrow. We have three cases we're going to hear argument in today, but before we start those arguments, let me go ahead and announce the cases that we are submitting as of today without oral argument. And those cases are 21-13-48, Singh v. Garland, 22-15-290-JB v. Craigslist, 22-8-9-4, Sunn v. Garland. And that's it. So we have those three cases we're submitting, and those cases will be submitted as of today. We have three cases for argument. I believe that they all are 15 minutes per side. I think two of the cases have cross appeals, including the first one. I believe that you should have been told already that for the cross appeals, the cross appellant will have the option of going last, but you'll get 15 minutes total time. So maybe let us know when you get up for your rebuttal to the opening appeal how much time you plan to reserve, and then we will try to accommodate that. I guess one thing I should announce is that 15 minutes is your total time, so if you eat into your—some people I think have misunderstood that—if you eat into your rebuttal time, you don't necessarily get to have the amount of time you're hoping to keep. With that, we'll start with the John Doe v. Twitter case, and go ahead and announce your name and how much time you plan to keep for rebuttal. Good morning, Judge Van Dyke. May it please the Court. I'm Derek Schaffer here on behalf of Appellant Cross Appellee Twitter. With the Court's permission, we would ask to reserve five minutes of time for rebuttal, please. With that, Your Honors, I will proceed. In our respectful view, the Reddit decision of this Court disposes of this appeal and necessitates reversal because it is now established as the law of this Court. Section 230 protects Twitter's unless its alleged conduct was criminal under Section 1591, which it isn't, and the District Court didn't find it could be. And you can see the most telling portion of the opinion in ER 34. The conduct, Your Honors, must be that of the defendant here, Twitter, that is analyzed by the Court and deemed to offend the relevant provisions. The defendant must be complicit in actively trafficking a person for commercial sex acts, which I don't think any allegation of the complaint fairly alleges. And that, Your Honors, should resolve what the Court below called the more difficult issue, the one presented by the cross appeal. You can see that in excerpt of Record 34. Absent questions about Twitter's appeal, I propose then to turn to the cross appeal. There, Your Honors, I start with Section 1591, and I return to the points I previously made. I think Reddit has effectively resolved the 1591 portion of the cross appeal in holding that on the facts set forth in the Reddit complaint, there could not be a violation. The same holds here just as it holds in the Craigslist case. You can find the key portion of Reddit at 51F4, 1145 and 46. There's no trafficking of a person, Your Honors, which was rightly the focus of the District Court at excerpt of Record 34. There's no overt act reflecting affirmative participation by Twitter in a venture that would be a sex trafficking venture. And Your Honors, there's no future causation. The language of the statute is very clear, and again, it's a criminal statute. It needs to be conduct that will cause a victim to engage in a commercial sex act. The allegations here allege the opposite, that any alleged trafficking venture had been completed in 2017 or thereabouts before a different third party uploaded the offending content to Twitter. Mr. Schaffer, let me pause you on that last point. I have a bit of a different reading about the will cause language. It seems to me that the criminal act is about, let's start with the direct liability theory, enticing or doing other acts with that person having knowledge that the victim is a minor and that the enticement will cause a future commercial sex act. I don't have the impression that it requires someone to prove that a defendant is likely to commit sex trafficking in the future, but it's tethered to the knowledge requirement itself of when someone was enticing, it was with the purpose of a prospective commercial sex act. Judge Sanchez, I'm not sure that I disagree with your account in a theoretical sense. That is to say, if there is some other actor who will be the cause of a victim engaging in a future commercial sex act, I think that that could suffice. But I think the language of the statute is very clear, and it is, again, a criminal statute. And I know Your Honor's read it, but it says specifically, you benefit financially or by receiving anything of value from participating in a venture which has engaged in an act described in paragraph one, knowing that the advertising reckless disregard of the fact that means of force threats, of force fraud, coercion described in subsection E2 or any combination of such means will be used to cause the person to engage in a commercial sex act. And I think on these facts, where any alleged solicitation by someone else was effectively completed and the theory of the complaint is they were distanced, the plaintiffs here were distanced from the initial offenders, there's just no way to say that Twitter knew that anything being uploaded to its platform will cause that act. And that the only way that I think my friends for the other side get around that is trying to say that the mere depiction, the image that depicts something in the past is sufficient to offend 1591. And I just don't think that can be so, any more than if we're talking about a person who had a photo taken of them without their consent. That's not kidnapping of the person. But if the images constitute criminality under 1591 and the platform has an algorithm that allows those images to be disclosed, certainly someone within the company should be scrutinizing whether or not the company is advertising, promoting, disclosing images that are criminal in nature. And if even tacitly the company doesn't do anything, doesn't that then constitute at least some form of knowledge that would trigger the criminal statute? So Judge Murphy, I'll talk about 2252 and 2255A. I think Your Honor's question sounds more in terms of that because we're talking about depiction, divorce from any sort of physical sex acts. And I would note, Your Honor, it is a shared premise that Twitter wants to be scrutinizing the content on its platform, 500 million tweets a day according to paragraph 23 of the complaint. And they're doing that, Judge Murphy. That's set forth in the complaint. That's exactly how the plaintiff faults Twitter for not having been allegedly true to that case. And we want to be better. We're striving for perfection. So we want to be doing that. The question is, are we violating the criminal statute to the extent that we allegedly miss one for some period of time? And my answer is no. Okay. No. And I think that that is what Reddit holds. I think that that is what the district court held in the Craigslist case. I think it's what the district court was holding here, except for its misconception  court has corrected in Reddit. Let me directly do what I think is the nub of the case. And that is the contention that Twitter was made aware of this type of material on its platform and refused to take it down. And I think that's arguably a distinguishing factor from the allegations in Reddit. Suppose plaintiffs made an allegation that that refusal in keeping the platform up helped or financially benefited or did something to help sex trafficking of children whose videos are raised onto Twitter's platform. Would that be sufficient to allege a 59 to 1 violation? Let me just start with the Reddit case itself, because there were those allegations, Judge Sanchez, and the court acknowledged that. In Reddit, the allegations were that they knew, that Reddit knew of specific child pornography depicting the plaintiffs there and it failed to take it down. So in that sense, it's on all fours. To take your question, Judge Sanchez, you have what my friends from the other sites cite in terms of the Mind Geeks case, you have what they cite, also the Georgia case, the Free Sites case. Those are cases where a different website, Pornhub and sites associated with that, were essentially engaged in the sex trafficking venture, allegedly. They had a profit-sharing arrangement with the direct traffickers. They were promoting that content specially. They were advertising the plaintiffs in that case. They were changing the images and taking, essentially, thumbnails of those to depict on the website. When those things are happening, Judge Sanchez, they are, according to the district courts in that case, affirmatively engaged in sex trafficking within the meaning of 1591. But that categorically differs from what you have here, a theory of the case that says passively, other third parties, not the direct traffickers, uploaded content that was not detected and brought down quickly enough. That is exactly the case in which Reddit says we have the protections of Section 230, unless and until Congress may revise those protections. That's the choice that Congress is clearly making. So in your view, that's too passive to constitute active participation, even if plaintiffs somehow allege that the inaction of not taking it down somehow supports these sex trafficking ventures themselves? Yes, Judge Sanchez, and otherwise you change the Internet in a way that Congress was careful not to do in Foster. Because otherwise, an entity like Twitter, any such Internet platform, has to be screening everything on the front end before it goes up. But the argument, as I understand it, is that it's not just passive, that Twitter is actually, their algorithms are actually promoting this because people want it. Twitter's algorithms know that people want it, and so Twitter's algorithms actually actively promote this to those people. Judge Van Dyke, I think those are generic allegations that are in the complaint. It's not that Twitter is trying to zero in on sex trafficking content or other offending content in the way that was true for the cases that I was looking at earlier. No, their algorithms are just designed to, in order to keep people on the screen, they're just designed to feed people something that will keep them on the screen, and that happens in child porn, keeps certain people on the screen. And so they are actually promoting child porn because those, not because, I presume some, I don't think their allegations, or somebody at Twitter said, keep child porn on the screen. It's just that those algorithms, that's the outcome of that, and Twitter knows that that's the outcome. That's what their allegations are. Isn't that right? Well, they have allegations that are the opposite of that, too, Judge Van Dyke, that Twitter has been active in taking down offending content, has been doing what it can to... I mean, this case shows, I mean, the facts aren't good for you in this case. I mean, this case, Twitter was asked to take it down, and Twitter said, we've looked at it, and we're not taking it down. Judge Van Dyke, that's out of 500 million tweets that are happening every day, and it was a period of nine days that Twitter was taking down. Was Twitter not being... I mean, Twitter said they had looked at the content and determined that it wasn't child porn, and we're not going to take it down. Was that just like a... Was that not actually true? Had they not actually looked at it? What's the reason for that? Well, obviously, I can't go outside the record, Judge Van Dyke, but those allegations are the allegations, and we take that to heart. That means we need to be doing a better job. We're striving to do a better job in all of these respects, but on any given day and for any given content, it is a tough job to do to make sure that all of it is screened and screened in real time, even in response to complaints. And the terrible choice that Congress was saving platforms like Twitter from under Section 230 is saying, either you do everything perfectly, or else you bury your heads in the sand and you do nothing. Why? Because that is the way that a company in Twitter's position is ensuring its liability. I know. So you have a shield under 230, but that shield is removed if you... Under a Reddit decision, that shield is removed if you meet these heightened concepts of what participation and adventure is, et cetera, and understand that the judge here... I think there is an inconsistency between what the judge here did below and Reddit, but why wouldn't we just send it back to the judge to do it in the first instance? You're asking us to just decide that. Well, I think it's for the same reason that Reddit held there could be no valid claim stated against Reddit under those facts, which were, I think, materially indistinguishable from these. And the judge has also said, in this case, under 1591, that it leases to direct participation. I guess we'll hear from the other side, but I didn't... I don't understand. They certainly, in their Rule 28J letter, and I didn't understand them in the district we can only win under, I know this is before Reddit, but let's just say under a Reddit-type standard. I think they were arguing that's what the standard should be, but I believe they've been arguing they could win under Reddit's standard. That's true, Judge Van Dyke, but the judge rejected their 1591 claim. The judge basically... That's right. That's right. I want to turn, if I may, I know my time is going short, I'm mindful of the court's admonition. I hate to prolong it, but how would we characterize it? The third-party beneficiary claim, I believe what Judge Van Dyke is referencing is that the magistrate judge did not analyze that claim under Reddit, and even though I believe she said it could proceed to discovery, the legal issue that the judge raises hasn't been resolved and we should remand for that specific purpose, right? I understood that to be Judge Van Dyke's suggestion. Right, right. What's your position on that? I think you resolve it here, Judge Murphy, because Reddit said that there was no valid 1591 claim there. That's what the Craigslist district court held as well, and that's what this district judge held as to the 1591 claim as a standalone, at least for the direct participation, at least for direct trafficking, and Reddit basically said that's the same inquiry, I think. I just want to make sure that you... Thank you, Judge Van Dyke. Do you want to keep going or do you want to reserve time for... No, let me move if I may. Well, I'll keep going because I do want to address the 2255 question, for your honors, and just say I think that Reddit has resolved that on top of Barnes and Gonzales, it's the Fifth Circuit's decision in Diaz 2, the Bates decision, they all stand for the proposition that Section 230 applies when you have this sort of a fact pattern, and when the gravamen of complaint is what we were discussing earlier, that a platform has not detected and taken down offending third-party content. Quickly enough, Reddit applied Section 230 while recognizing that the content at issue there was child pornography, which it acknowledged was unlawful, and it concluded that the plaintiff's claims were treating Reddit as a publisher, which is sufficient to trigger the protections of Section 230. And if that's not the case, your honors, then Reddit and FOSTA would be totally circumvented any time you have a case like this because a plaintiff would allege, well, we're talking about offending content, therefore, Section 230 has no application. That's not what Congress so carefully did when it passed FOSTA. That's not how the court has so carefully interpreted and enforced the protections of Section 230. And if you read the complaint, I'd point you to paragraphs 99 and 128. There it's clear. They bookend the plaintiff's theory of complaint, which is a third-party uploaded offending content to the Twitter platform. It was left there for others to see, and then it was taken down. That's all about what Twitter is doing as a publisher, just like any of the other publishers that have been protected by Section 230 in this context. Thank you, your honors. I know I have precious little time for rebuttal. But— I don't think you have any time for rebuttal, counsel. So I—given that you don't have any time for rebuttal, I think we'll just have—you guys can use your whole 15 minutes, and we'll be done. Thank you. Good morning. May it please the Court. My name is Lisa Haba. I'm here on behalf of John Does I and II. To date, there has never been an appellate court in the federal—in any federal circuit that has extended CDA 230 protection to incorporate child pornography. Today Twitter wants this court to be the first to do that in the country. And I would implore this court to reject that invitation. I'm going to be discussing two matters before the court. First we'll discuss the 1591 claims, and then I'll move on to the child pornography claims. Counsel spent a lot of time talking about Reddit and how this court has been bound by Reddit and that would apply to this case. I respectfully disagree for two things. First, even under the heightened Reddit standard, Twitter has met the 1591 standard in the pleadings. We have— I mean, having read both sides' Rule 28J letters, your view is Twitter doesn't affect your ability to win. I respect that. Their view is—let's say that Reddit doesn't affect your ability to win, and their view is that Reddit kills your ability to win on the 1591 or 1595 directive. Why wouldn't we just send it—I mean, it's pretty—you would agree that the District Court did not apply a Reddit-type standard in ruling below, correct, on the last ruling, the ruling that's up above. They did not apply a 1591 standard, correct. Right. So why wouldn't we just send it back for the District—and I don't get the vibe from reading the District Court opinion that the District Court would necessarily—I disagree with Twitter that the District Court that you—has decided the question of whether you could win on your indirect claim. So why wouldn't we just send it back for the District Court to decide that in the first instance to address that, applying Reddit, because we're bound by Reddit. Of course. Of course this Court is bound by Reddit. And I respectfully, of course, this Court could do that. You do also have de novo review over this matter, and we also have a cross-appeal on a child pornography matter, which was not addressed by Reddit. So I think this Court could certainly look at the issues today and make a determination on its face— I'm just trying to narrow it down. We only have 15 minutes. I'm trying to narrow it down, like, should we be talking about how much time we want to spend talking about that indirect claim, because we don't have the benefit of a District Court decision that— Yeah. —that applied that standard. So why wouldn't we just send that back? And we can talk about your other claims. We don't have anything to review de novo. There's no decision on the third-party beneficiary claim under Reddit. There's a decision, but it's—but it's applying the wrong standard. It's, you know, under our circuit precedent now. I understand the Court's view. I think what is interesting, though, is that we're here on a matter of first impression before this Court. I don't think—I think Reddit is binding upon this Court, of course, as precedent   I don't think—I think Reddit is binding upon this Court, of course, as precedent before the circuit. constructive knowledge standard. We are here today on an actual knowledge standard, which is different in distinguishing from Reddit and for three main reasons. First, the knowledge acquired at the mens rea standard. Secondly, what was the benefiting standard. And the third element of participation in a venture. To be more specific, under Reddit, they addressed whether or not the platform had constructive knowledge of the matter at hand. The Reddit opinion talks about that standard. In our case, we've pled that Twitter had actual knowledge, both of the illegal nature of the videos, the age of the children, they had actual knowledge of the filming, that it came from exploitation, and there's actual knowledge they were profiting from this material. The second distinguishment from Reddit is that the court in Reddit really wasn't sure if there was a benefit. So I was looking in Reddit here. In Reddit, the opinion says that plaintiff's allegations there were that Reddit failed to remove child pornography even when users reported. So I'm not sure that we can say that Reddit didn't involve actual knowledge. I mean, it, you know, that we can distinguish Reddit that way? Well, Your Honor, respectfully, I believe Reddit talked a lot about situations where the images would be potentially taken down and then would pop up again. Or when some of the images were left up, some of the images weren't. But there was a lot of general allegations about the knowledge requirement. Because what it, I mean, it says, it uses, it says, the allegations suggest only that Reddit turned a blind eye. It seems that that, that metaphor is the idea that, like, you know this is going on over here and you're just kind of ignoring it. And it's kind of similar to the allegations in this case. Similar, but there's two other distinguishing factors, Your Honor, as well, in addition to the knowledge requirement. So even if this court finds that actual knowledge existed in the Reddit opinion, there still is a substantial distinguishment with the benefiting from the venture and the participation in the venture. Reddit's participation in the venture was that volunteer moderators were the ones reviewing the material. Here in our case, we've alleged that Twitter's actual employees were the ones reviewing the material. So when Twitter's actual employees took the report through the Twitter platform to analyze it, those actual employees verified the nature of the child pornography, they verified the fact that we had age verification with a Florida driver's license, and then that employee refused to follow the law and refused to remove the illegal images. So that is completely distinguished from Reddit, that we, that Twitter participated in a venture, whereas the Reddit had volunteers. Can I ask, what are the allegations that relate to direct liability, and Twitter makes much of the fact that the statute describes a person. Are there any allegations that would indicate that Twitter is substantially supporting a venture that is involving the actual trafficking of a minor? Yes, Your Honor. There's an ongoing criminal violation here. So in many sex extortion schemes, where we're looking at sex extortion as a way to engage in sex trafficking, we have part one, if you will, where the minor was trafficked through the Snapchat application, and that was where the videos were created. Those videos, there was a lot of threats made back in the — That was years ago. It was, Your Honor. So part one of this criminal venture, which is ongoing and sprawling over years, was the creation of the videos. The threats were made that if they didn't acquiesce to the traffickers' demands, the person, and John Doe one and two, would have those videos released. They would be sex extorted, and more videos were — they would use it as a bait and switch. I think we're very familiar with your, with your, the argument you're making. So the problem I have with it is, how does your — I mean, I would assume that much of it is an involuntary way, and even if you were to say, even that child pornography that's, you know, you put the quotes voluntary around, it wouldn't be voluntary because they're not of an age where they can actually consent. So in some sense, like, all child pornography is produced involuntarily. So how does your argument — you know, I understand your argument that this is the tail end of a sex extortion. So I understand that, and I'm sympathetic to it, but the problem is, it seems to me your argument would be that essentially every posting of child pornography, if it's an entity like Twitter or an entity like Reddit or any other type of entity where that allows that to happen, that they are participating in that venture because they're being used as the tail end of this sex extortion scheme. But it almost seems to me like you're — I'm sympathetic to that. I think it's probably correct, but it seems like your argument proves too much. It literally makes every single posting of child pornography, any site that allows — and I mean allows by just doesn't prevent child pornography from being posted to be participating in a venture under your theory, and that — it's hard to think that that's what Congress wanted to allow a 230 event. Well, respectfully, Your Honor, I would disagree with that. I think that — Which part? The latter part. The fact that just because it gets posted on a platform, it would suddenly become part of participation in a venture. So you don't think that — that's not your position, you're saying? No, our position — Okay, so what's the more nuanced position I'm missing? The more nuanced position is that when child pornography is posted on a platform, we know that Congress did not intend platforms to have to self-police the content on the platform. But what makes our case unique is they were notified through the Twitter application of a specific posting of — that was of John Doe 1 and 2. When they were put on notice, that's when they had a legal obligation to remove that criminal material. That's — But they're not — I don't understand how you — okay, if a man takes pornographic photos of his five-year-old nephew and puts it on Twitter or wherever and says, you know, this little boy's available for sexual conduct, that's trafficking a person. But Twitter republishing photographs of two little boys who are not little boys anymore is trafficking images — inappropriate, no doubt — that might establish third-party beneficiary liability, no doubt, but certainly can't constitute direct trafficking of a person as set forth in 1591A1, right? Well, Your Honor, in 2000, when the TVPA was first codified — But just answer my question. So, no, Your Honor, I disagree. No, of course not. You disagree with that? That was not the intent of Congress. Congress equates — Wait. You think — you think that Twitter was trafficking these two boys, John Doe 1 and 2, for sexual conduct? I believe that's not the definition of what TVPA — It is. It says in the statute, 1591 bans the trafficking of a person. Yes. And Twitter was directly and — directly trafficking John Doe 1 and 2. And Twitter was benefiting from the trafficking of John Doe 1 and 2. I just have a question that's kind of a follow-up to that, to just — I mean, the argument absurd, I mean, right? Like, to take it to its logical conclusion, 100 years from now, we're all dead, right? And these pictures are still going out. I think under your theory, they would still be trafficking them. They'd be trafficking people that literally aren't alive. Well, Your Honor, with all due respect, the trafficking — pornography is a part of sex in front of children, and it's done with knowledge to violate 1591. So our position is that when these images were created and Twitter was put on knowledge, they had a choice to make. They were put on knowledge that it was criminal conduct. They were put on knowledge that it was a sexual act, it was a commercial sexual act, and it was done of a child. That is the definition of 1591. Right. We've alleged that they obtained it. We've alleged — So your whole theory, just to be clear, is that because once they're told — because, you know, we have all this other — we have all this other — it's this kind of argument gets made in other contexts, and I understand your argument is child pornography is different because it's a — because it's — there's nothing legal about it, right? Right. I understand that. But we — you do recognize we have a lot of cases that basically don't — that don't let it turn on the fact that you've been told as an Internet — as an Internet service provider or as a — as one of these forums that you've been told. But you're saying that's what — that's the turning point in your case, as soon as you're told that now you're engaged in the trafficking. Well, I think the moment they were notified this was sex trafficking — depictions of sex trafficking, a part of the sex trafficking ongoing scheme that was continuing, Twitter had a legal obligation to remove it at that point in time, not only under the 1591 standard, but also under the 2252A standard. So they had an ongoing duty to remove it immediately. And if there was any doubt — I think your case is much better on those claims. I really do. I think that, you know, if you want to argue that these images were used by Twitter to, as Judge Van Dyke earlier pointed out, keep users tuned in, you know, promote the platform, whatever the case may be, that's a viable question. Which needs to be, I think, analyzed by the district court under Reddit. But claims one and four, I think, in terms of trafficking of a person as pled, just go too far. Well, Your Honor, I don't want to be remiss in not discussing our 2252A claims with the time that I have left. So I'm going to transition to those for a moment. Twitter did concede in their argument that if they were participating in criminal conduct, they would not receive 230 protection. And so by their own admission, they failed to receive 230 protection. The court had determined — the district court had determined that 230 was the reason that we could not proceed under the 2252A claims. And that is simply incorrect. We'd ask this court to overturn that because Twitter, at the moment they received it — I'm sorry. I'm still processing. I didn't understand Twitter to say that just merely the fact that they might be doing something that was criminal conduct would mean they don't get 230 for a civil, you know, claim brought against them under the civil — it's just — all I understood them to be conceding is that 230 doesn't apply to actual criminal charges. That's what I understood them to be saying. Well, even if we were to take it under how you understood it, Your Honor, and we were to look at it in that context, Twitter was in a position where they were made — they were notified that criminal — the criminal acts were being committed on their platform, that they were now in possession, had received into their database and were in actual possession of criminal images that it was a crime to possess. They had a moment in time when they had an obligation, after they were notified, to immediately report it to NCMEC, to immediately remove it from their platform. Instead, it took multiple days to review it. After verifying that all of that happened, they checked the Florida driver's license, they verified that the images were pornographic, as we've alleged in our complaint, and then they refused to remove it. That right there is a violation of 2255 and 2252A. You started out by asserting that no court has ever found 230 immunity for pornographic images. I believe that's true in the criminal context. Is that true in civil cases as well? Yes, no federal appellate court has found that. Your Honor, one of the things that I think is important to remember is that not only did Twitter possess it, they violated the statute of just mere possession, but then they disseminated it through their platform. CDA 230 protection is intended to protect people that are posting something and not hold a platform responsible for what originated from a third party and was then being held liable for the third party's posting. That's not what's happening here. It's the act of possession and the act of distribution that is the criminal conduct that Twitter participated in. You're out of time, but I'll give my colleagues a chance to ask one question. You just said, and I think that's right, that no federal court of appeals court has found 230 to apply to child pornography. District courts have addressed it. Real quick, what's the district court breakdown on that? There is district court. It's like this district court said it did apply. District court, you won, pre-read it on your claim, but you lost on this claim. So this district court went the other way. Our district court applied CDA 230. Other district courts outside of the Ninth Circuit have looked at this issue and have not been favorable, but respectfully, I believe those courts have misapplied the standard under CDA 230. Are there any district courts that have gone in your direction? No. I believe there's the Bates case, which was briefed by opposing counsel that talked about it in the other context. This really hasn't been addressed. Make sure that we don't have any other questions. By the way, the briefing was very good. I think most of what you guys are saying we're very aware of and we've taken a close look at this case. We're going to limit you to your 15 minutes each, but we're very aware of the case and take it seriously. Great advocacy by both sides. Thank you very much. We'll take this case as submitted. Thank you, Your Honor.
judges: VANDYKE, SANCHEZ, Murphy